UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-60241-DAMIAN/VALLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TEODOMIRO GUTIERREZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** came before the undersigned for a change of plea hearing as to Defendant Teodomiro Gutierrez. *See* (ECF No. 40) ("Order of Referral"). Having held the change of plea hearing on January 13, 2026, the undersigned makes the following findings and recommends that the guilty plea be accepted.[1] *See* (ECF No. 47).

1. At the change of plea hearing, the undersigned advised Defendant, through the use of an interpreter, that the undersigned was conducting the change of plea pursuant to an Order of Referral from the District Judge. The undersigned further advised Defendant that the District Judge would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence. The Court advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by the District Judge. Defendant, his attorney, and the Assistant United States Attorney all consented to the undersigned conducting the change of plea hearing.

---

[1] This Report and Recommendation summarizes the Court's oral findings at the change of plea hearing. The audio recording of the proceeding is incorporated by reference.

2. The undersigned conducted a detailed plea colloquy in accordance with Federal Rule of Criminal Procedure 11.

3. After being advised of his rights and the possible consequences of his plea of guilty, Defendant pled guilty to the Indictment, which charges him with: (i) conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 (Count 1); (ii) attempted possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846; and (iii) illegal reentry after removal, in violation of 8 U.S.C. §§ 1326(a), (b)(2). *See* (ECF No. 19). The undersigned advised Defendant that the Court may impose a mandatory minimum term of imprisonment of 10 years and up to life, followed by a minimum term of supervised release of five years and up to life on Counts 1 and 2. As to Count 3, the Court may impose a maximum term of imprisonment of 20 years, followed by a minimum term of supervised release of three years. In addition to any term of imprisonment, the Court may impose a fine of up to $10,000,000 on Counts 1 and 2 and up to $250,000 on Count 3. Further, the Court will assess a mandatory special assessment of $100 per count, pursuant to 18 U.S.C. § 3013, which is to be paid at the time of sentencing. Defendant acknowledged that he understood the nature of the charges and the potential penalties in this case.

4. Defendant was also informed of the Sentencing Guidelines and the fact that the District Judge may sentence Defendant to a more severe sentence than recommended by the Government or estimated under the Sentencing Guidelines, up to the maximum statutory sentence, and that Defendant could not withdraw his plea based solely on the sentence imposed by the District Judge.

5. To establish the factual basis for the entry of the plea, the Government proffered the facts it would have established at trial. The Government established all the essential elements

of the crime to which Defendant is pleading guilty. Defendant acknowledged that the facts proffered by the Government were accurate, and defense counsel agreed that the proffer satisfied all elements of the crimes charged.

6. The parties did not enter into a written plea agreement in this case. Defendant acknowledged that there is no written plea agreement and that no promises were made to him regarding his possible sentence in exchange for pleading guilty.

7. The undersigned questioned Defendant regarding the effectiveness of his counsel's representation. Defendant stated that he is satisfied with his attorney and that he has had a full opportunity to discuss all facets of his case, including the evidence against him, with his attorney. Defendant also stated that counsel has answered all his questions regarding the case.

8. Based upon the foregoing facts and the plea colloquy conducted by this Court, the undersigned finds that Defendant is fully competent and capable of entering an informed plea, Defendant is aware of the nature of the charges and the consequences of the plea, and the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses.

9. Therefore, the undersigned recommends that Defendant be found to have freely and voluntarily entered his guilty plea to the Indictment filed in this case, as more particularly described above, and that Defendant be adjudicated guilty of the offense as charged.

10. A Pre-Sentence Investigation Report should be prepared for the District Court by the United States Probation Office. The sentencing hearing will be set by separate Order from the District Judge.

The parties have **three days** from the date of this Report and Recommendation within which to file written objections, if any, for consideration by the District Judge.[2] Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2025); Fed. R. Crim. P. 59(b)(2); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY SUBMITTED** in Chambers at Fort Lauderdale, Florida, on January 13, 2026.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Melissa Damian
    All Counsel of Record

---

[2] All parties consented to the abbreviated objections period and indicated that they did not intend to file any objections.